ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Parte Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | KLRA202300541 | *Revisión Judicial,* procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Caso Núm.:<br>B-898-23<br><br>Sobre:<br>Solicitud de Reconsideración |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

Compareció ante nos la parte recurrente, el Sr. Eliezer Santana Báez (en adelante, el "señor Santana Báez" o el "Recurrente"), quien se encuentra confinado en la Institución Bayamón 501 y acude por derecho propio, a través del presente recurso de revisión judicial. Mediante el mismo, solicitó la revocación de la determinación emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de Puerto Rico (en adelante, la "DCR" o "Recurrido") el 17 de julio de 2023, notificada el 18 de julio de 2023.

Por los fundamentos que expondremos a continuación, se devuelve el caso ante la consideración de dicha dependencia gubernamental para que emita una nueva "**Hoja de Control sobre Liquidación de Sentencia**", conforme a las enmiendas adoptadas mediante la Carta Circular Núm. 2023-02 de 11 de octubre de 2023.

**I.**

El 26 de abril de 2004, el señor Santana Báez fue sentenciado a cumplir una pena consecutiva de 119 años, tras haber sido hallado culpable

Número Identificador
SEN2023_____

por los delitos de asesinato en primer grado y violación a la derogada Ley Núm. 404-2000, según enmendada, conocida como la "Ley de Armas de Puerto Rico", 25 LPRA secs. 455 *et seq.* Luego de estar cumpliendo la pena impuesta, fue aprobada, con aplicación retroactiva, la Ley Núm. 85-2022, con el fin emendar el Artículo 308 de la Ley Núm. 146-2012, según enmendada, mejor conocida como el "Código Penal de Puerto Rico", 33 LPRA sec. 5416, y el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, según enmendada, mejor conocida como la "Ley de la Junta de Libertad Bajo Palabra", 4 LPRA sec. 1503, con el objetivo de establecer una manera justa, retributiva y rehabilitadora que le permitiera a una persona convicta por varios delitos poder ser considerada para libertad bajo palabra al cumplir con los términos de la sentencia más onerosa relacionada directamente con alguno de los delitos por los cuales fue encontrado culpable. A raíz de lo anterior, el señor Santana Báez presentó el 22 de mayo de 2023, recibida el 25 del mismo mes y año, una "**Solicitud de Remedio Administrativo**" núm. B-898-23. En ésta, solicitó que se atendiera su caso y se le aplicaran las nuevas disposiciones de la Ley Núm. 85-2022, *supra*.

El 17 de julio de 2023, la DCR emitió "**Respuesta del Área Concernida/ superintendente**" en la que adjuntó "**Hoja de Control sobre Liquidación de Sentencia**". La misma reflejaba que se había eliminado la pena correspondiente a la Ley de Armas de Puerto Rico, *supra*, por haber sido cumplida en el 2015. Como consecuencia, se comenzó a contar la pena mínima de 25 años posterior a esa fecha, por lo que, según establece la "**Hoja de Control sobre Liquidación de Sentencia**" notificada al señor Santana Báez, cumpliría la pena mínima el 22 de diciembre de 2034.

Insatisfecho con dicha determinación, el Recurrente presentó **"Solicitud de Reconsideración"** el 24 de julio de 2023, recibida el 10 de agosto de 2023 por el DCR. Argumentó que la aplicación de la Ley Núm. 85-2022 fue errónea, ya que se computó el mínimo de sentencia desde 2015 y no desde el 2004, fecha en la que fue sentenciado. Alegó que, si se aplicara la ley correctamente, el mínimo de sentencia lo cumpliría en el año 2028 y no en el 2034 como establece la "**Hoja de Control sobre**

**Liquidación de Sentencia**" que le fue notificada. En respuesta, el 12 de septiembre de 2023, notificada el 29 del mismo mes y año, el DCR denegó la "**Solicitud de Reconsideración**" y le informó al confinado que se había aplicado la Ley Núm. 85-2022, conforme lo establecido en la Carta Circular núm. 2023-02 suscrita por la Secretaria del DCR el 15 de junio de 2023.

Aún inconforme, el 18 de octubre de 2023, el Recurrente presentó el recurso de revisión judicial que nos ocupa. Mediante el mismo, le imputó al foro recurrido haber cometido el siguiente error:

> Incidió en error extraordinario el DCR al obviar el alcance y particularidad de la ley 85-22, y no aplicarla de la forma correcta que dicta el espíritu y la exposición de motivos de la misma, al no aplicarla retroactivamente y usando siempre la pena más alta para computar el mínimo a cumplir ante la JLBP, sino que lo extienden a 30 años igual que sin aplicación de la ley.

El 30 de octubre de 2023, emitimos *Resolución* mediante la cual le concedimos al DCR, por conducto de la Oficina del Procurador General un término para que presentara su alegato en oposición. Así el trámite, el 21 de noviembre de 2023, el DCR presentó "**Escrito en Cumplimiento de Orden**" mediante el cual solicitó que se devolviera el caso a dicha dependencia gubernamental para que se adjudicara la solicitud del Recurrente, de conformidad con la Carta Circular Núm. 2023-02, enmendada el 11 de octubre de 2023.

**II.**

**A.**

La Ley Núm. 85-2022 tiene como propósito principal enmendar el Artículo 308 del Código Penal de Puerto Rico, *supra*, y el Artículo 3 de la Ley de la Junta de Libertad Bajo Palabra, *supra*. La aludida pieza legislativa dispone en su Exposición de Motivos que la misma se aprobó como "una manera justa, retributiva y rehabilitadora, que le permita a aquella persona convicta por varios delitos el poder ser considerada para libertad bajo palabra al cumplir con los términos de la sentencia más onerosa relacionada directamente con alguno de los delitos por los cuales fue encontrado culpable". Esto debido a que cuando se imponen sentencias consecutivas que pueden llegar a acumular cientos años de años de cárcel, los reclusos

se encuentran sometidos a cumplir una sentencia de por vida sin la posibilidad de ser considerado para los beneficios de libertad bajo palabra.

La Sección 1 de la Ley Núm. 85-2022 enmendó el Artículo 308 del Código Penal, para que lea como sigue:

> Artículo 308. – Términos para cualificar para consideración de la Junta de Libertad bajo Palabra.
>
> Toda persona convicta bajo las disposiciones de este Código podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.
>
> En delitos graves cuyo término de reclusión señalada en el tipo sea de cincuenta (50) años, la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir quince (15) años de su sentencia o cinco (5) años si se trata de un menor de edad procesado y sentenciado como adulto.
>
> **En caso de la persona convicta de asesinato en primer grado, un delito cuya pena sea de noventa y nueve (99) años o reincidencia habitual la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra, al cumplir veinticinco (25) años de su sentencia**, o diez (10) años, si se trata de un menor de edad procesado y sentenciado como adulto. Las personas convictas al amparo del inciso (c) del Artículo 93 estarán excluidas del privilegio de libertad bajo palabra. (Énfasis suplido).
>
> En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta **tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos**. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial. Sección 1 de la Ley Núm. 85-2022 (énfasis suplido).

Por otro lado, la Sección 2 enmendó el Artículo 3 la Ley Núm. 118-1974, *supra*, estableciendo que en los procesos judiciales en que el acusado sea encontrado culpable por más de un delito y se le imponga una sentencia a ser cumplida consecutivamente, tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente de la pena mayor

recibida por alguno de los delitos cometidos. Ahora bien, cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra por el mero hecho de haber cumplido con el término de una de ellas. Esto independientemente se trate de una ley penal especial.

Por último, y en lo que respecta a la Sección 3 de la mencionada ley, se dispone lo siguiente:

> Esta Ley aplicará de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada. Las cláusulas de prohibiciones absolutas de libertad bajo palabra en los delitos de leyes penales especiales no serán aplicables al caso de menores juzgados y sentenciados como adultos cuando contravengan lo aquí establecido. (Énfasis suplido).

**B.**

El 15 de junio de 2023, la Secretaría Auxiliar de Programas y Servicios del DCR emitió la Carta Circular Núm. 2023-02 en la que informó cuál sería el procedimiento a seguir para computar los términos para referir a los confinados a la Junta de Libertad Bajo Palabra, de conformidad con la Ley Núm. 85-2022. Allí se expuso que se evaluarían todos los expedientes criminales de la población correccional con el fin de estudiar la "**Hoja de Control sobre Liquidación de Sentencia**" e identificar si había más de un término computado y determinar cuál es la sentencia base mayor. Además, se expuso que se tomaría la sentencia de manera individual, por lo que las que fueran consecutivas no debían ser consolidadas en la nueva revisión. A razón de que, de estar consolidadas, el resultado conllevaría identificar una pena mayor que no necesariamente sería la correcta para el cómputo final a los fines requeridos por la ley. Siendo así, el DCR emitiría una nueva "**Hoja de Control sobre Liquidación de Sentencia**" titulada "**Reliquidación**". En esta hoja se identificarían la pena mayor y se observará el mínimo de esa sentencia. Si el mínimo reflejado es mayor de 15 años, éste se ajustará a lo que establece la nueva Ley. Excepto, si se trata de una persona sentenciada por asesinato en primer grado, en el que el mínimo de sentencia será de 25 años naturales.

Dicha carta además establece que todo delito cumplido en su totalidad será eliminado de la Hoja de Control sobre Liquidación de Sentencia. Los demás términos de la sentencia se computarán en el mismo orden de la Hoja de Liquidación anterior y no se computarán mínimos adicionales. Por lo que, se considerará y documentará solamente un mínimo, el cual responderá a la pena mayor.[1]

No obstante, el 11 de octubre de 2023, el DCR enmendó la Carta Circular Núm. 2023-02 e instituyó un nuevo esquema para computar el momento en que un confinado cumple el mínimo de sentencia de la pena más larga para ser elegibles para el privilegio de libertad bajo palabra. En específico, se estableció lo siguiente:

> 12. **Los delitos cumplidos en su totalidad permanecerán en la nueva "Hoja de Control sobre Liquidación de Sentencia"**. Por ejemplo, en los casos de asesinato en primer grado cometidos con armas, **se computarán en primer orden el asesinato en primer grado con el mínimo establecido**, beneficiándolo del tiempo en reclusión preventiva. Luego, se incluirán y computarán los demás delitos de la sentencia incluyendo los de armas.[2]

**III.**

En el caso de autos, el señor Santana Báez sostiene que la "**Hoja de Control sobre Liquidación de Sentencia**" emitida el 18 de julio de 2023 no reflejaba correctamente la aplicación de la nueva Ley Núm. 85-2022. Es por esto que, nos solicita que ordenemos al DCR a emitir una nueva Hoja que contenga el cálculo, conforme lo establece al mencionado estatuto. Veamos.

Según se desprende del expediente, el Recurrente fue sentenciado en el 2004 a cumplir una pena consecutiva de 119 años por los delitos de asesinato en primer grado e infracción a la Ley de Armas de Puerto Rico, *supra*. Inicialmente, se comenzó a computar la pena relacionada con la Ley de Armas de Puerto Rico, *supra*, que se extinguió para el 2015. A raíz de la aprobación de la Ley Núm. 85-2022, el DCR emitió la Carta Circular Núm. 2023-02 el 15 de junio de 2023, en la que estableció cuál sería el

---

[1] *Véase*, Carta Circular 2023-02 de 15 de junio de 2023, pág. 3, inciso 4.
[2] *Véase*, Carta Circular Núm. 2023-02 del 11 de octubre de 2023, págs. 2-4 (énfasis suplido).

procedimiento a seguir para el cumplimiento de la nueva ley. Se desprende de la aludida Carta que toda pena cumplida en su totalidad sería eliminada de la "**Hoja de Control sobre Liquidación de Sentencia**". Es por esto que, cuando el DCR notificó al señor Santana Báez la "**Hoja de Control sobre Liquidación de Sentencia**", ésta no contenía la pena correspondiente a Ley de Armas de Puerto Rico, *supra*, y, además, se le comenzaba a contar el mínimo de sentencia establecido por ley desde el 2015 y no desde el 2004.

No obstante, el 11 de octubre de 2023 el DCR aprobó una enmienda a la referida Carta Circular, en la que implementó un nuevo proceso de computar los términos en los que todo miembro de la población correccional será elegible para el privilegio de libertad bajo palabra. Se estableció que las penas cumplidas en su totalidad permanecerán en la "**Hoja de Control Sobre Liquidación de Sentencia**" y que en los casos de asesinato en primer grado cometidos con armas se computará primeramente la pena correspondiente al asesinato en primer grado con su mínimo establecido.

Evaluado lo anterior, procede que devolvamos el caso al DCR para que se emita una nueva "**Hoja de Control sobre Liquidación de Sentencia**", de conformidad con la enmienda aprobada por el DCR el 11 de octubre de 2023.

**IV.**

Por lo fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se devuelve el caso al DCR para que se emita una nueva "**Hoja de Control sobre Liquidación de Sentencia**", conforme a las enmiendas adoptadas mediante la Carta Circular Núm. 2023-02 de 11 de octubre de 2023.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones